**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3323-24

VELOCITY INVESTMENTS,
LLC, assignee of CROSS RIVER
BANK,

     Plaintiff-Respondent,

v.

GREGORY FRANCIS,

     Defendant/Third-Party
     Plaintiff-Appellant,

v.

UPGRADE, INC.,

     Third-Party Defendant-
     Respondent.

_____

Argued April 29, 2026 – Decided July 16, 2026

Before Judges Currier and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-7501-24.

Nick B. Gagua argued the cause for appellant (Kim Law Firm LLC, attorneys; Yongmoon Kim, on the briefs).

Joseph M. DeFazio argued the cause for respondent Upgrade, Inc. (Troutman Pepper Locke LLP, attorneys; Joseph M. DeFazio, on the brief).

Robert D. Bailey argued the cause for respondent Velocity Investments, LLC (Hinshaw & Culbertson LLP, attorneys, join in the brief of respondent Upgrade, Inc.).

PER CURIAM

Defendant Gregory Francis requested and obtained a personal credit line from lender Cross River Bank (CRB), which was serviced by third-party defendant Upgrade, Inc. At some point in time, Upgrade assigned its rights under the Credit Line Agreement to plaintiff Velocity Investments, LLC (Velocity). After Francis failed to repay the loan in accordance with its terms, Velocity filed an action to collect $5,605.64—the amount owed on the loan.

In answering the complaint, Francis asserted that Upgrade and Velocity (as its assignee) lacked the legal right to acquire and collect the debt because Upgrade did not hold the required license under the New Jersey Consumer Finance Licensing Act (NJCFLA), N.J.S.A. 17:11C-1 to -49, and, therefore, the Credit Line Agreement was void ab initio. Francis asserted counterclaims and a third-party complaint against Upgrade.

2

A-3323-24

The Credit Line Agreement contained an arbitration provision. Velocity and Upgrade moved to compel arbitration, which the trial court initially denied. The court subsequently granted Velocity's and Upgrade's motions to reconsider its order, finding the issue of arbitrability was for the arbitrator to decide under the delegation clause, and compelling the parties to proceed to arbitration. We affirm.

On appeal, Francis contends: (1) Velocity lacked standing to compel arbitration as it did not establish a valid assignment; (2) the trial court erred in enforcing the delegation clause in a contract that the legislature has declared void ab initio; and (3) Velocity waived its right to arbitrate by filing a collection lawsuit in court.

The arbitration provision stated in pertinent part:

> a. The parties to this Agreement agree that either you [(Francis)] or CRB or its service provider Upgrade (or any subsequent assigns of the foregoing), may, at its sole election, require that the sole and exclusive forum and remedy for resolution of a Claim be final and binding arbitration pursuant to this section (the "Arbitration Provision"), unless you opt out as provided in paragraph (b) below. As used in this Arbitration Provision, "Claim" shall include any past, present, or future claim, dispute, or controversy involving you (or persons claiming through or connected with you), on the one hand, and CRB or Upgrade and/or any assign of CRB or Upgrade (or persons claiming through or connected with CRB or Upgrade and/or any assign of

3

CRB or Upgrade), on the other hand, <u>relating to or arising out of this Agreement and/or the activities or relationships that involve, lead to, or result from this Agreement, including</u> (except to the extent provided otherwise in the last sentence of paragraph (f) below) <u>the validity or enforceability of this Arbitration Provision, any part thereof, or the entire Agreement.</u> Claims are subject to arbitration regardless of whether they arise from contract; tort (intentional or otherwise); a constitution, statute, common law, or principles of equity; or otherwise. Claims include matters arising as initial claims, counter-claims, cross-claims, third-party claims, or otherwise. The scope of this Arbitration Provision is to be given the broadest possible interpretation that is enforceable.

. . . .

h. This Arbitration Provision shall survive (i) suspension, termination, revocation, closure, or amendments to this Agreement and the relationship of the parties and/or assignee; (ii) the bankruptcy or insolvency of any party or other person; and (iii) any transfer of any loan or this Agreement to any other person or entity. If any portion of this Arbitration Provision is deemed invalid or unenforceable, the remaining portions of this Arbitration Provision shall nevertheless remain valid and in force. . . . In no event shall any invalidation be deemed to authorize an arbitrator to determine Claims or make awards beyond those authorized in this Arbitration Provision. THE PARTIES ACKNOWLEDGE THAT THEY MAY HAVE A RIGHT TO LITIGATE CLAIMS THROUGH A COURT BEFORE A JUDGE OR JURY, BUT WILL NOT HAVE THAT RIGHT IF ANY PARTY ELECTS ARBITRATION PURSUANT TO THIS ARBITRATION PROVISION. THE PARTIES HEREBY KNOWINGLY AND VOLUNTARILY

4

WAIVE THEIR RIGHTS TO LITIGATE SUCH CLAIMS IN A COURT BEFORE A JUDGE OR JURY UPON ELECTION OF ARBITRATION BY ANY PARTY.

[(Emphasis added).]

Francis did not opt out of the arbitration provision.

The Credit Line Agreement also stated the arbitration provisions "shall be governed by and enforceable under the [Federal Arbitration Act, 9 U.S.C. §§ 1-16]."

We begin with the threshold standing issue. Francis asserts Velocity did not produce competent evidence that Velocity or Upgrade had the requisite standing to enforce the arbitration provision. Francis contends the court should have ordered limited discovery to resolve the issue.

Evidence was produced on this issue. Michael Young, a Senior Director from Account Servicing with Upgrade, provided a certification to the trial court asserting that Velocity is an assignee of the Credit Line Agreement. As delineated above, the Credit Line Agreement permits assignment and includes assignments within the arbitration provision. Therefore, Velocity had the right to enforce the arbitration provision.

We turn to the central issue in the case: whether a court may enforce an arbitration delegation clause embedded in a contract alleged to be void under

5

the NJCFLA. We apply well-established principles of law to undertake our analysis.

Our review is de novo when determining the enforceability of contracts, including arbitration agreements. Goffe v. Foulke Mgmt. Corp., 238 N.J. 191, 207 (2019). "The enforceability of arbitration provisions is a question of law; therefore, it is one to which [this court] need not give deference to the analysis by the trial court . . . ." Ibid.

An agreement to arbitrate is treated like any other contract. Atalese v. U.S. Legal Servs. Grp., L.P., 219 N.J. 430, 442 (2014). "State law governs not only whether the parties formed a contract to arbitrate their disputes, but also whether the parties entered [into] an agreement to delegate the issue of arbitrability to an arbitrator." Morgan v. Sanford Brown Inst., 225 N.J. 289, 303 (2016).

"Reconsideration is a matter within the sound discretion of the [c]ourt, to be exercised in the interest of justice." Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)). We review the trial court's denial of a motion for reconsideration under the abuse of discretion standard. Branch v. Cream-O-Land Diary, 244 N.J. 567, 582 (2021).

Francis contends the Credit Line Agreement is a void contract under the NJCFLA because Upgrade was not a licensed lender and could not enforce the contract. He relies on Sun Life Assurance Co. of Canada v. Wells Fargo Bank, N.A., 238 N.J. 157, 187 (2019), contending our Supreme Court established in that case that "contracts violating public policy mandates are void ab initio— treated as if they never existed."

In Sun Life, the Court considered whether a life insurance policy was enforceable despite it violating the antigambling statute, N.J.S.A. 2A:40-1 to -9. Under that law, any contract violating the statute "shall be . . . void." See N.J.S.A. 2A:40-3. The NJCFLA contains the same language, stating any contract of a loan made or collected in violation of the Act "shall be void and the lender shall have no right to collect or receive any principal, interest or charges." N.J.S.A. 17:11C-33(b).

However, the enforceability of an arbitration provision was not at issue in Sun Life. Nor did the Court consider severability principles or ancillary provisions such as a delegation clause.

The trial court referred to Henry Schein, Inc. v. Archer & White Sales, Inc., 586 U.S. 63 (2019), when granting reconsideration and enforcing the arbitration clause. We agree that is the applicable law in this situation to

determine whether an arbitration provision delegated the ability to resolve claims arising out of the Credit Line Agreement to an arbitrator.

In Schein, the United States Supreme Court instructed that "arbitration is a matter of contract, and courts must enforce arbitration contracts according to their terms." Id. at 67 (citing Rent-A-Center., W., Inc. v. Jackson, 561 U.S. 63, 67 (2010)). The Court stated

> [w]hen the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract. In those circumstances, a court possesses no power to decide the arbitrability issue. That is true even if the court thinks that the argument that the arbitration agreement applies to a particular dispute is wholly groundless.
>
> [Id. at 68.]

Here, Francis challenges the entire contract, not just the arbitration provision. The Credit Line Agreement is broad in scope and explicitly states that arbitration, when initiated, is the sole and exclusive forum for resolution when there is a claim between Francis, CRB or its assigns, or Upgrade and its assigns, that relates to or arises out of the agreement or regarding the validity or enforcement of the agreement. This clear language is determinative of the issue presented here: it is the sole and exclusive province of an arbitrator to resolve

claims arising out of the agreement, even if those claims involve the validity or enforceability of the Credit Line Agreement itself.

As the Court stated in Schein, "a court may not decide an arbitrability question that the parties have delegated to an arbitrator." Id. at 69. If there is a valid arbitration agreement, threshold questions of arbitrability must be referred to an arbitrator if the agreement so stipulates by "'clear and unmistakable' evidence." Ibid. (quoting First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 944 (1995)). As stated, the parties here expressly agreed that enforceability issues were arbitrable, and this court must enforce the agreement by its terms. See Goffe, 238 N.J. at 208 (finding that it is the FAA's principal purpose to ensure the enforceability of private arbitration agreements according to their terms). The agreement's delegation language was clear. Therefore, the court did not err in granting reconsideration and compelling arbitration.

We turn to Francis's argument that even if there is a valid arbitration provision, Velocity waived its right to compel arbitration because it instituted suit in the Superior Court. We are unconvinced.

Velocity initially filed a collection action in the Superior Court. However, after Francis filed an answer and counterclaims, Velocity invoked its right to arbitration. Velocity filed its motion to compel arbitration approximately ten

weeks after the suit was transferred to the Law Division. The matter was not litigated in any manner in court. After considering the totality of the circumstances, we are satisfied Velocity did not waive its rights to invoke arbitration. See Cole v. Jersey City Med. Ctr., 215 N.J. 265, 280-81 (2013).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

A-3323-24